**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAN LIZANDRO YUPA POMAQUIZA,

     Petitioner,

v.                                    Case No. 3:26-cv-625-TJC-MCR

ACTING DIRECTOR TODD M. LYONS,
in their official capacity, et al.,

     Respondents.

## O R D E R

On March 23, 2026, Petitioner Willian Lizandro Yupa Pomaquiza, an immigration detainee at Baker Correctional Institute, initiated this action through counsel by filing a Complaint and Petition for Writ of Habeas Corpus. (Doc. 3; Petition). The Federal Respondents filed a Response. (Doc. 7; Response). The case is now ripe for review.

### I. Background

Petitioner, a citizen of Ecuador, entered the United States without inspection in 2004. Petition at 3. He has resided in the United States for approximately twenty-two (22) years. Id. On January 31, 2026, Petitioner was arrested by Brevard County Sherriff's Office due to an alleged traffic violation.

Response at 3.[1] He was then transferred to the custody of Immigration and Customs Enforcement (ICE). Petition at 2. Petitioner has no criminal record. Id. at 11.

On March 12, 2026, an immigration judge held an initial custody redetermination hearing and denied Petitioner's request for a change in custody status. Petition, Tab C. Petitioner's request was denied because of "lack of jurisdiction." Id. He then filed his Petition for a Writ of Habeas Corpus in this Court. Petitioner argues that he has been "categorically barred from seeking custody redetermination before an immigration judge" because of the Board of Immigration Appeals decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), which held that immigration judges lack authority under 8 U.S.C. § 1225(b)(2) to consider bond requests for individuals who entered the United States without admission. Petition at 9. This decision is binding on all immigration judges.

## II. Analysis

The Petition contains three counts, alleging: (1) Respondents have violated Petitioner's Fifth Amendment right to due process; (2) Respondents have violated the Immigration and Nationality Act; and (3) Respondents have violated the bond regulations. Id. at 9–13. The underlying premise of

---

[1] Petitioner notes that when he was arrested, he was a passenger in the car. Petition at 2.

Petitioner's claims is that because he has remained continuously inside the United States for more than twenty years and is not "seeking admission," he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). Id. at 12. As relief, he requests, inter alia, immediate release or an order directing Respondents provide him with a "prompt and constitutionally adequate" bond hearing. Id. at 13–14.

As Respondents acknowledge, the Court has recently addressed nearly identical issues in Orozco Torres v. U.S. Dep't of Homeland Sec., No. 3:26-cv-646-TJC-LLL, 2026 WL 947955 (M.D. Fla. April 8, 2026). Because the facts in that case resemble those here—especially that both Petitioners had bond previously denied by an immigration judge without an individualized bond hearing, and efforts to administratively appeal those decisions to the BIA would be futile—the Court incorporates the reasoning in Orozco Torres into this Order.

Accordingly, the Court rejects the Federal Respondents' arguments that two statutory provisions, 8 U.S.C. § 1252(g) and (b)(9), deprive this Court of jurisdiction to adjudicate Petitioner's claims and that he failed to exhaust his administrative remedies prior to filing this case. Regarding the merits of his claim, the Court finds, in line with Orozco Torres, that Petitioner is not properly detained under § 1225(b)(2). Thus, his Petition is due to be granted. See 2026

WL 947955, at *6.[2]

### III. Remedy

The Court next considers the appropriate relief. Respondents argue that if the Court grants the Petition, the appropriate remedy is to order Respondents to provide Petitioner with a bond hearing before an immigration judge, not an order directing Respondents to release Petitioner. Response at 14. While that might normally be true, in these specific circumstances, directing a bond hearing would not be the appropriate relief. An immigration judge has already refused to conduct a meaningful bond hearing, stating that he lacks the jurisdiction to do so. Petition Tab C. Thus, sending it back to the immigration judge, who says he has no jurisdiction to conduct a bond hearing, would be

---

[2] The Second Circuit Court of Appeals recently came to a similar conclusion. See Cunha v. Freden, No. 25-3141-pr, 2026 WL ------ (2d Cir. April 28, 2026) ("Section 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry. This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws. Finally, even if the government's newfound interpretation of Section 1225(b)(2)(A) were plausible—and it is not—we would nonetheless reject it based on our obligation to construe these statutes in a manner that would avoid the serious constitutional questions attendant to what would be the broadest mass-detention-without-bond mandate in our Nation's history for millions of noncitizens.")

futile. See Orozco Torres, 2026 WL 947955, at *6. Without any lawful basis for his detention at this time, and unable to access a meaningful bond hearing, the Court can only find that Petitioner is entitled to immediate release.

Since the Court will grant the Petition because he is not properly detained under § 1225(b)(2), it does not, and need not, address Petitioner's other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[3]

Accordingly, it is hereby

**ORDERED**:

1. Willian Lizandro Yupa Pomaquiza's Verified Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED**. Respondents shall release Petitioner **within 48 hours of the entry of this Order**. Respondents shall facilitate Petitioner's transportation from the detention facility by notifying his counsel when and where he can be collected.

2. No later than **May 5, 2026**, Respondents shall **FILE** a notice with the Court confirming that Petitioner has been released from custody.

---

[3] For example, the Court declines to address Petitioner's due process arguments.

3. The Clerk shall **enter judgment** granting the Petition and **close** the file.

4. The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

6